UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON A. WEEKS,<br><br>                Petitioner,<br><br>      vs.<br><br>JAMES CONWAY,[1] Superintendent, Attica Correctional Facility,<br><br>                Respondent. | No. 9:06-cv-00880-JKS<br><br>MEMORANDUM DECISION |

      Petitioner Leon A. Weeks, a state prisoner proceeding *pro se*, filed a petition for relief under 28 U.S.C. § 2254 in the Western District of New York, which transferred the case to this Court. Weeks is currently in the custody of the New York Department of Correctional Services, incarcerated at the Attica Correctional Facility. Respondent has answered the petition. Weeks has not filed a traverse.

                              I. BACKGROUND/PRIOR PROCEEDINGS

      Following a jury trial, Weeks was convicted in the Oneida County Court of two counts of second-degree murder (N.Y. Pen. Law § 125.25[2], [4]) and one count of endangering the welfare of a child (N.Y. Pen. Law § 260.10[1]). The County Court sentenced Weeks to two concurrent indefinite terms of 25 years to life on the murder convictions and a concurrent definite term of one year on the child endangerment conviction, all sentences to be served consecutively to a sentence Weeks was then serving as a result of an earlier conviction in Cortland County. Weeks timely appealed his conviction to the Appellate Division, Fourth Department, which affirmed his conviction and sentence, and the New Court of Appeals denied leave to appeal on

---

      [1] James Conway, Superintendent, Attica Correctional Facility, is substituted for Oneida County Court. Fed. R. Civ. P. 25(d); *see* Rules—Section 2254 Cases, Rule 2(a).

May 17, 2005.² Weeks timely filed his petition for relief in the Western District of New York on July 6, 2006.

## II. ISSUES PRESENTED/DEFENSES

In his petition Weeks raises two issues: (1) ineffective assistance of counsel, and (2) a denial of due process by a failure to give an accomplice instruction to the jury. Respondent raises two affirmative defenses to the second ground: (1) Weeks has not properly exhausted his state court remedies, and (2) it is procedurally barred on independent state grounds. Respondent raises no other affirmative defense.³

## III. STANDARD OF REVIEW

Because Weeks filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."⁴ The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."⁵ Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"⁶ When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court

---

² *People v. Weeks*, 789 N.Y.S.2d 373 (N.Y. App. Div.), *lv. denied*, 831 N.E.2d 982 (N.Y. 2005) (Table).

³ *See* Rules—Section 2254 Cases, Rule 5(b).

⁴ 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–06 (2000); *see Lockyer v. Andrade*, 538 U.S. 63, 70–75 (2003) (explaining this standard).

⁵ *Williams*, 529 U.S. at 412.

⁶ *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, ___, 128 S. Ct. 743, 746-47 (2008) (per curiam).

precedent must be objectively unreasonable, not just incorrect or erroneous.[7] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[8] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[9]

In applying this standard, this Court reviews the last reasoned decision by the state court.[10] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[11]

To the extent that Weeks raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[12] A federal court must accept that state courts correctly applied state laws.[13] A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[14] A federal court may not issue a habeas writ based upon a perceived error of state law unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[15]

---

[7] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[9] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[10] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

[11] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[12] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[13] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[14] *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002).

[15] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

IV.  DISCUSSION

Ground 1:  Ineffective Assistance of Counsel.

It was discovered after trial that an attorney in the same firm as trial counsel had represented the principal prosecution witness in an unrelated matter.  Weeks contends that this constituted an impermissible conflict of interest that rendered the assistance of counsel ineffective.  The Appellate Division rejected Weeks's argument, holding:

> In his pro se supplemental brief, defendant contends that he was denied the effective assistance of counsel due to the fact that another attorney in defense counsel's office had previously represented a prosecution witness on an unrelated matter and thus defense counsel had an impermissible conflict of interest.  At no time during the trial did the prosecutor or defense counsel raise any possible conflict of interest.  "To prevail on an ineffective assistance of counsel claim, a defendant must first demonstrate the existence of a potential conflict of interest" (*People v. Harris,* 99 N.Y.2d 202, 210, 753 N.Y.S.2d 437, 783 N.E.2d 502).  Defendant must also show "that 'the conduct of his defense was in fact affected by the operation of the conflict of interest,' or that the conflict 'operated on' the representation" (*People v. Ortiz,* 76 N.Y.2d 652, 657, 563 N.Y.S.2d 20, 564 N.E.2d 630), and defendant failed to make such a showing here (*see People v. Suarez,* 13 A.D.3d 320, 788 N.Y.S.2d 37; *People v. Henderson,* 11 A.D.3d 366, 367-368, 783 N.Y.S.2d 35; *People v. Wingate,* 297 A.D.2d 761, 762, 747 N.Y.S.2d 791, *lv. denied* 99 N.Y.2d 566, 754 N.Y.S.2d 219, 784 N.E.2d 92).  Defendant does not state how the alleged conflict of interest affected his counsel's strategic decisions or conduct during the trial.  Defense counsel vigorously cross-examined the witness and attacked her credibility during summation.  In light of the fact that defense counsel did not know of the conflict at the time of the trial, there is no basis to conclude that the potential conflict hindered his representation of defendant (*see Harris,* 99 N.Y.2d at 210-211, 753 N.Y.S.2d 437, 783 N.E.2d 502).  In sum, "[w]hile generally both defense counsel and the prosecution had a duty to recognize potential conflict situations, and neither side apparently was aware of the conflict, what is significant is that the conflict did not operate on defense counsel's representation" (*Harris,* 99 N.Y.2d at 211, 753 N.Y.S.2d 437, 783 N.E.2d 502).[16]

Under *Strickland v. Washington*, to demonstrate ineffective assistance of counsel, Weeks must show both that his counsel's performance was deficient and that the deficient performance

---

[16] *People v. Weeks*, 789 N.Y.S.2d 373, 376 (N.Y. App. Div.), *lv. denied*, 831 N.E.2d 982 (N.Y. 2005) (Table).

prejudiced his defense.[17]  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[18]  Weeks must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[19]  As the Second Circuit recently observed *vis-a-vis* attorney conflicts:

> *Strickland* made clear that even if counsel's performance is found professionally unreasonable, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland,* 466 U.S. at 692, 104 S.Ct. 2052.  Therefore, the question becomes "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. 2052.  In certain circumstances, however, prejudice may be presumed, and an individual inquiry regarding this factor is unnecessary.  *See id.* at 692, 104 S.Ct. 2052 (noting that where a defendant shows "actual or constructive denial of assistance of counsel . . . [or] state interference with counsel's assistance . . . prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost").  Similarly, the Supreme Court has recognized that when a criminal defendant claims that defense counsel was "burdened by an actual conflict of interest," this warrants a "limited presumption of prejudice."  *Id.*  In these instances, the presumption of prejudice attaches "only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'"  *Id.* at 692, 104 S.Ct. 2052 (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). . . .
>
> Though the *Sullivan* presumption has been "unblinkingly" applied to "all kinds of alleged attorney ethical conflicts," *Sullivan*'s discussion of it does not support this expansive application.  *Mickens v. Taylor,* 535 U.S. 162, 174, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002).  The Supreme Court made clear in *Mickens* that the presumption was created to account for the "high probability of prejudice arising from multiple concurrent representation, and the difficulty of proving that prejudice." *Id.* at 175, 122 S.Ct. 1237.  However, "[n]ot all attorney conflicts present comparable difficulties."  *Id.*; *see also Smith v. Hofbauer,* 312 F.3d 809, 816 (6th Cir. 2002) (citing *Mickens,* 535 U.S. at 175-76, 122 S.Ct. 1237)

---

[17] 466 U.S. 668, 687 (1984).

[18] *Id.*

[19] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

(remarking that *Sullivan* has "never been extended by the Supreme Court to conflicts other than joint representation").[20]

In this case, as the Appellate Division found, there is no actual conflict involved. Thus, in order to prevail under extant Supreme Court precedent, Weeks must show that his defense was prejudiced by what is properly characterized as a potential conflict. Weeks did not indicate before the Appellate Division how the alleged conflict of interest affected counsel's strategic decisions or conduct during the trial. The Appellate Division found that on that record there was no basis from which it could conclude that the potential conflict hindered counsel's representation. Weeks has presented no additional factual basis or argument in his petition before this Court than he did before the Appellate Division.

This Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[21] Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Andrade–Williams–Schriro*; *i.e.*, the state court's decision was more than incorrect or erroneous; its application of clearly established law was objectively unreasonable.[22] Weeks has failed to establish that, as required by *Strickland-Hill*, his defense was prejudiced. Weeks is not entitled to relief under his first ground.

Ground 2:  Failure to Give Accomplice Instruction.

Weeks argues that the principal prosecution witness was an accomplice as a matter of law and, therefore, the Court should have given an accomplice instruction. Under New York law, a criminal defendant may not be convicted on the uncorroborated testimony of an accomplice.[23] A person is an accomplice when, under the evidence adduced, that person may reasonably be

---

[20] *Torres v. Donnelly*, 554 F.3d 322, 325–26 (2d Cir. 2009).

[21] 28 U.S.C. § 2254(d).

[22] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[23] N.Y. Pen. Law § 60.22[1].

considered to have participated in the offense charged or an offense based upon the same facts or conduct that constitutes the offense charged.[24] Where differing inferences concerning the witness's complicity may be drawn from the proof adduced at trial, the question of whether the witness was an accomplice should be given to the jury.[25] The Appellate Division rejected Weeks's argument:[26]

> Defendant contends that a prosecution witness was an accomplice as a matter of law, thus requiring an accomplice charge to the jury. Defendant, however, never requested an accomplice charge and thus did not preserve that issue for our review (citations omitted). His contention is without merit in any event. "[T]here is no evidence from which it can be reasonably inferred that [the witness] participated in the planning or execution of the crimes" (citations omitted).

Respondent contends that Weeks is procedurally barred from presenting this claim in a federal habeas proceeding. The Court agrees. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[27] This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims."[28] To avoid this bar, Weeks must demonstrate cause for the default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice.[29] Under controlling Second Circuit law, "[e]ven where the state court has ruled on the merits of a federal claim, 'in the alternative,' federal habeas review is foreclosed where the state court has also expressly relied on the petitioner's procedural default."[30] Finally, "[s]tate courts may not avoid deciding federal issues

---

[24] N.Y. Pen. Law § 60.22[2].

[25] *People v. Vataj*, 510 N.E.2d 792, 792–93 (N.Y. 1987).

[26] *People v. Weeks*, 789 N.Y.S.2d 373, 375 (N.Y. App. Div.), *lv. denied*, 831 N.E.2d 982 (N.Y. 2005) (Table).

[27] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[28] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[29] *Coleman*, 501 U.S. at 750.

[30] *Murden v. Artuz*, 497 F.3d 178, 191 (2d Cir. 2007), quoting *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005).

by invoking procedural rules that they do not apply evenhandedly to all similar claims."[31] Accordingly, a procedural bar will be deemed "adequate" only if it is based on a rule that is "firmly established and regularly followed" by the state in question.[32]

The Second Circuit has laid out three clues to follow to classify the decision as either fairly appearing to rest primarily on or interwoven with federal law, or as resting primarily on state procedural law: (1) the face of the state court opinion; (2) whether the state court was aware of a procedural bar; and (3) the practice of state courts in similar circumstances.[33] There is no question that the Appellate Division explicitly invoked the state procedural rule as barring review. Looking behind the asserted state law grounds, as the Court must, the Court agrees with Respondent that the procedural ground cited by the Appellate Division, unpreserved for review, is firmly established and regularly followed by the New York courts.[34] Weeks, by failing to file a traverse, has not demonstrated cause for the default or actual prejudice, or asserted that the failure to consider the claim will result in a fundamental miscarriage of justice. Nor does any cause, prejudice, or fundamental miscarriage of justice appear from the record. Consequently, Weeks is procedurally barred from raising the issue in these proceedings.

Even if Weeks were not procedurally barred from raising the issue, he would not prevail in any event. As noted above, habeas relief may be granted by this Court only where the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[35] There is no federal constitutional rule requiring corroboration of accomplice testimony.[36] Rather, "the federal rule

---

[31] *Hathorn v. Lovorn,* 457 U.S. 255, 263 (1982).

[32] *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991).

[33] *Jimenez v. Walker*, 458 F.3d 130, 145 & n.16 (2d Cir. 2006).

[34] *See Rhagi v. Artuz*, 309 F.3d 103, 106–07 (2d Cir. 2002).

[35] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–06 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70–75 (2003) (explaining this standard).

[36] *Lisenba v. California*, 314 U.S. 219, 227 (1941) ("The Fourteenth Amendment does not forbid a state court to construe and apply its laws with respect to the evidence of an accomplice."); *see Caminetti v. United States*, 242 U.S. 470, 495 (1917).

is well established that a defendant may be convicted upon the uncorroborated testimony of an accomplice."[37] In this case, Weeks's claim is based solely upon New York State law concerning accomplice status and the requirement of corroboration. As there is no federal constitutional question presented in this case, there can be no basis for habeas relief. Weeks is not entitled to relief under his second ground.[38]

## V.  CONCLUSION AND ORDER

Weeks is not entitled to relief on any ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[39] To the extent the issues raised in the petition were addressed by the Appellate Division, Fourth Department, no reasonable jurist could find that the decision was "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated:  July 20, 2009.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[37] *United States v. Gordon*, 433 F.2d 313, 314 (2d Cir.1970); *see also Caminetti*, 242 U.S. at 495 ("[T]here is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them.").

[38] Respondent also contends Weeks has not exhausted his state court remedies as to this ground. The Court need not reach that issue as, the failure to exhaust state court remedies notwithstanding, it may deny the petition on the merits.  28 U.S.C. § 2254(b)(2).

[39] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).